UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **JOHN JEROME PALCZUK AND** | |
| **KAREN ELIZABETH PALCZUK** | CASE NO. 11-04017-8-SWH |
| Debtors. | |
| John Jerome Palczuk and | |
| Karen Elizabeth Palczuk, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 19- |
| **Steven Conway, Lori Conway,** | |
| **Lorcon, LLC #1, and Lorcon, LLC #4,** | |
| Defendants. | |

## COMPLAINT

Plaintiffs John Jerome Palczuk and Karen Elizabeth Palczuk, Debtors, by and through its undersigned counsel and pursuant to §§ 105, 524(a) and 1141 of the Bankruptcy Code, seeks (1) a determination that any debt owed to Defendants Steven Conway, Lori Conway, Lorcon #1, and Lorcon #4 was discharged in this case, and (2) sanctions for violation of this Court's discharge injunction in this case.

INTRODUCTION

Defendant Lorcon, LLC # 1 was an investor in a company formed to invest in real estate in the U.S. Virgin Islands. John Palczuk was a managing member of that company, and Karen Palczuk was also a member. Unfortunately, the real estate market crashed and the company failed. This case stems from the inability of Defendants to accept their loss of the investment in

that failed real estate venture. For the past decade, Defendants have made criminal complaints against the managing members in the failed company and engaged in litigation after litigation to try to find some avenue to recover their lost investment. Every court has denied them recovery to date, and so the litigation continues. The latest complaint, filed in North Carolina against Defendants, is a violation of the discharge injunction granted by this Court in 2012 to the Palczuks.

## PARTIES AND JURISDICTION

1. Jurisdiction is conferred on this Court pursuant to sections 1334 and 157(b) of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 11 bankruptcy petition and concerns debts of John Jerome Palczuk and Karen Elizabeth Palczuk. This matter is a core proceeding under 28 U.S.C. § 157(b) and (b)(2)(I).

2. Plaintiffs consent to entry of a final order or judgment by the bankruptcy court as to all claims in this complaint.

3. Venue lies in this District pursuant to Section 1409(a) of Title 28 of the United States Code.

4. Plaintiffs are Debtors in the above-captioned Chapter 11 proceeding.

5. Plaintiffs John Jerome Palczuk and Karen Elizabeth Palczuk (the "Palczuks") are residents of Raleigh, Wake County, North Carolina.

6. Upon information and belief, Defendant Steven Conway is a resident of Franklin County, Missouri.

7. Upon information and belief, Defendant Lori Conway is a resident of Franklin county, Missouri.

8. Upon information and belief, Defendant Lorcon, LLC #1 is a Missouri limited liability company maintaining a registered office in St. Louis, Missouri.

9. Upon information and belief, Steven Conway is the sole member of Lorcon, LLC #1.

10. Upon information and belief, Defendant Lorcon, LLC #4 is a Missouri limited liability company maintaining a registered office in St. Louis, Missouri.

11. Upon information and belief, Steven Conway and Lori Conway are the only members of Lorcon, LLC #4.

## THE FAILURE OF JFOV, LLC

12. Plaintiffs formed JFOV, LLC in 2004 with Richard and Jennifer Heyl in order to invest in real estate on John's Folly beach in the U.S. Virgin Islands.

13. Defendant Lorcon, LLC #1 (hereinafter "Lorcon 1") obtained two membership points in JFOV, LLC in 2004 by an assignment signed by Jennifer and Richard Heyl. **See Exhibit A attached hereto.**

14. Defendant Steven Conway learned about JFOV, LLC, through his accountant, who also did work for Richard Heyl.

15. Lorcon 1's checks for this investment were made payable to Richard or Rick Heyl.

16. In 2007, Defendant Lorcon 1 had invested in a separate company owned by Richard Heyl, Heyl Partners Station Plaza.

17. When Heyl Partners Station Plaza started to have financial troubles, Richard Heyl informed Defendant Steven Conway he could transfer his interest to JFOV, LLC.

18. Lorcon 1 decided to transfer its investment from Heyl Partners Station Plaza to JFOV, LLC.

19. That transfer of Defendant Lorcon 1's interest was effected in 2007. **See Exhibit B attached hereto.**

20. Defendant Lorcon 1 also fulfilled subsequent capital calls for JFOV, LLC.

21. Subsequently, JFOV, LLC, failed.

THE PALCZUKS' BANKRUPTCY AND DISCHARGE

22. The Palczuks filed a voluntary joint petition for relief under Chapter 11 of the United States Bankruptcy Code on May 25, 2011.

23. As shown on the Palczuks' Schedule B, the Palczuks' lost not only their investment, but $720,000 made as a loan to JFOV, LLC, which was uncollectible after its failure.

24. Defendants Steven Conway and Lori Conway (the "Conway Defendants") were listed as codebtors on the Palczuks' Schedule H to their bankruptcy petition.

25. The Conway Defendants were included on the mailing matrix for the bankruptcy case.

26. Defendant Steven Conway communicated with and came to the office of the Palczuks' bankruptcy counsel.

27. Defendant Steven Conway copied records at the office of the Palczuks' bankruptcy counsel after the Palczuks filed their bankruptcy petition, and prior to confirmation of their Chapter 11 Plan.

28. The Conway Defendants did not file a proof of claim in the bankruptcy case on behalf of themselves, Lorcon 1, or Lorcon, LLC #4 ("Lorcon 4).

29. On January 5, 2012, this Court confirmed the Palczuks' joint Chapter 11 Plan.

30. The Chapter 11 Plan contained a release of all causes of action against the Debtors.

31. Defendants did not object to confirmation of the Palczuks' Chapter 11 Plan.

32.     On November 29, 2012, this court entered a discharge of the Palczuks under 11 U.S.C. 1141(d).

33.     Defendants did not object to the Palczuks' discharge.

34.     Defendants Steven and Lori Conway received notice of the discharge by mail from this Court. **See Exhibit C attached hereto.**

## THE MISSOURI LITIGATIONS

35.     Richard and Jennifer Heyl filed for Chapter 7 bankruptcy protection on August 31, 2009 in the United States Bankruptcy Court for the Eastern District of Missouri.

36.     On August 27, 2010, Defendants Steven Conway and Lorcon, LLC #1 filed an adversary proceeding against the Heyls seeking to declare the debt for their investment in JFOV, LLC nondischargeable under 11 U.S.C. § 523(a)(2), E.D. Mo. Bankruptcy. Adv. No. 10-4384-659 (the "2010 Adversary Proceeding").

37.     The United States Bankruptcy Court for the Eastern District of Missouri (the "Missouri Bankruptcy Court") held a trial and entered judgment for the Heyls on February 13, 2012, finding that Defendant Steven Conway did not prove that any loss he suffered was the result of misrepresentations made by Richard Heyl. *Conway v. Heyl (In re Heyl)*, 464 B.R. 867 (E.D. Mo. 2012).

38.     Defendants did not appeal, but filed for relief from that judgment almost a year later.

39.     The Missouri Bankruptcy Court denied the Defendants' motion.

40.     Defendants appealed that denial, and that appeal was dismissed by the Bankruptcy Appellate Panel for the Eighth Circuit, *Conway v. Heyl (In re Heyl)*, 502 B.R. 337 (8th Cir. BAP 2013).

41. Defendants appealed further, and the dismissal was affirmed by the United States Court of Appeals for the Eighth Circuit, *Conway v. Heyl* (*In re Heyl*), 770 F.3d 729 (8th Cir. 2014).

42. In October 2012, Defendant Steven Conway made a complaint to the Missouri Secretary of State alleging that Richard Heyl fraudulently sold securities in Heyl Partners Station Plaza and JFOV, LLC, with regards to the investment interest transferred from Heyl Partners Station Plaza to JFOV, LLC in 2007.

43. On April 23, 2015, the Enforcement Division of the Missouri Securities Division of the Secretary of State entered into a consent order with Richard Heyl in which no admission of liability was made, but Richard Heyl and a co-respondent were ordered to pay fines if they violated the Missouri Securities Act within two years of the date of the order and were permanently barred from certain investment activities.

44. In October 2015, Defendant Steven Conway filed a second complaint with the Missouri Secretary of State alleging that Richard Heyl and John Palczuk fraudulently sold securities in JFOV, LLC, with regards to Lorcon 1's initial investment in JFOV, LLC in 2004.

45. On October 14, 2015, Defendants Steven Conway, Lorcon, LLC #1, and Lorcon, LLC #4 filed another adversary proceeding against Richard Heyl in the Missouri Bankruptcy Court, case no. E.D. Mo. Bankruptcy. Adv. No. 15-04202, seeking to declare a debt to Defendants for their investment loss based on the investment transferred from Heyl Partners Station Plaza nondischargeable under 11 U.S.C. § 523(a)(19) (the "2015 Adversary Proceeding").

46. On August 1, 2016, the Enforcement Division of the Missouri Securities Division of the Secretary of State entered into a consent order with Richard Heyl in which the Division found that Richard Heyl sold unregistered securities and ordered him to pay $30,000 in restitution to the Missouri Secretary of State's Investor Restitution Fund.

47. In May 2017, the Enforcement Division of the Missouri Securities Division of the Secretary of State closed its investigation and declined to take any action against the Palczuks for several reasons, including that "it appeared Mr. Heyl did most of the solicitation/sales." **See email attached hereto as Exhibit D.**

48. On August 14, 2017, all of the Defendants filed a complaint in the United States District Court for the Eastern District of Missouri (the "Missouri District Court") against both the Heyls and the Palczuks, case no. 4:17-cv-02254-RLW, seeking to declare a debt to Defendants nondischargeable under 11 U.S.C. § 523(a)(19) for Defendants' initial investment in JFOV, LLC (the "2017 District Court Action"). **See Exhibit E attached hereto.**

49. On December 11, 2017, the Missouri Bankruptcy Court dismissed the 2015 Adversary Proceeding on several grounds.

50. Defendants Steven Conway and Lorcon 1 appealed, and the dismissal was affirmed by the Bankruptcy Appellate Panel for the Eighth Circuit, which held that Defendants' claim for nondischargeablity failed, because there was no underlying judgment or order for a debt to Defendants. *Conway v. Heyl (In re Heyl)*, 590 B.R. 898 (8th Cir. BAP 2018).

51. Defendants Steven Conway and Lorcon 1 have further appealed the dismissal to the U.S. Court of Appeals for the Eighth Circuit, case no. 19-1512.

52. On August 13, 2018, the Missouri District Court issued an order on several motions in the 2017 District Court Action, which:

    a. Referred the complaint against the Heyls to the Missouri Bankruptcy Court; and,

    b. Dismissed the claims against the Palczuks due to lack of jurisdiction.

*Conway v. Heyl*, No. 4:17-cv-2254-RLW, 2018 WL 3845952 (E.D. Mo. August 13, 2018)

53. On December 17, 2018, the Missouri Bankruptcy Court dismissed the referred 2017 District Court Action complaint against the Heyls, E.D. Mo. Adv. No. 18-04079.

54. The Defendants subsequently failed to file a timely notice of appeal, and the Missouri Bankruptcy Court denied an extension of time to file notice.

55. Defendants have appealed that denial for an extension of time to the Bankruptcy Appellate Panel for the Eighth Circuit, case nos. 19-06006,7.

## THE NORTH CAROLINA PROSECUTION

56. In or around late 2017, Defendant Steven Conway made a complaint to the North Carolina Secretary of State alleging that the Palczuks sold unregistered securities.

57. On July 30, 2018, both John and Karen Palczuk took Alford pleas to one charge each of the sale of unregistered securities.

58. John and Karen Palczuk each received a criminal sentence of 12 months of unsupervised probation.

59. No restitution was ordered to be paid by either John or Karen Palczuk.

## THE NORTH CAROLINA LAWSUIT

60. On October 24, 2018, Defendants filed a complaint against the Palczuks in Guilford County Superior Court, case no. 18 CVS 8687 (the "North Carolina Complaint"). **See Exhibit F attached hereto.**

61. The North Carolina Complaint alleged

   a. Count I: Breach of Fiduciary Duty based on alleged duties of the Palczuks to the Defendants as members of JFOV, LLC

b. Count II: Breach of Duty of Loyalty and Care under Virgin Islands law for allegedly failing to account to members of JFOV, LLC accurately and allegedly taking a commission without member approval

c. Count III: Constructive Fraud for alleged improper actions taken as managers of JFOV, LLC

d. Count IV: Fraudulent Concealment in connection with the financing and management of JFOV, LLC

e. Count V: Nondischargeability of Debt pursuant to § 523(a)(19), alleging that return of Defendants' investment is a nondischargeable debt because of the Alford plea

f. Count VI: Nondischargeability of Debt pursuant to § 523(a)(19), alleging that that return of Defendants' investment is a nondischargeable debt because of misrepresentations made by the Palczuks in connection with the sale or pursuant to N.C. Gen. Stat. § 78A-56

g. Count VII: Violations of N.C. Gen. Stat. §§ 78A-1 *et. seq.*

h. Count VIII: Negligent Misrepresentation for allegedly failing to accurately report to members

i. Count IX: Equitable Estoppel

### First Claim for Relief
**Determination of no nondischargeable debt to Defendants pursuant to 11 U.S.C. § 523(a)(19)**

62. In order for a debt to be nondischargeable under § 523(a)(19), it must result from a judgment, order, decree, or settlement agreement for violation of federal or state securities laws, or "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security."

63. First, counts I, II, III, IV, and VIII of Defendants' North Carolina complaint do not allege "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security," but relate to grievances about the management of JFOV, LLC.

64. Second, no judgment or order exists from which a debt to Defendants could result.

65. The judgment entered on the Alford plea against the Palczuks did not create a debt to any of Defendants.

66. Third, Defendants cannot assert any cause of action which could result in a judgment or order creating a debt to Defendants, because all such causes of action are barred by the applicable statutes of limitations and/or repose.

67. The statute of limitations for a claim of fraud or mistake is three years from the date of discovery of the facts constituting the fraud or mistake. N.C. Gen. § Stat. 1-52.

68. N.C. Gen. Stat. § 78A-56 (f) states:

> No person may sue under this section for a violation of G.S. 78A-24 or G.S. 78A-36 more than two years after the sale or contract of sale.
> No person may sue under this section for any other violation of this Chapter more than three years after the person discovers facts constituting the violation, but in any case no later than five years after the sale or contract of sale, except that if a person who may be liable under this section engages in any fraudulent or deceitful act that conceals the violation or induces the person to forgo or postpone commencing an action based upon the violation, the suit may be commenced not later than three years after the person discovers or should have discovered that the act was fraudulent or deceitful.

69. The last issuance of securities to Defendant Lorcon 1 occurred in 2007.

70. Over ten years elapsed between the last issuance of securities to Defendant Lorcon 1 and the filing of the North Carolina Complaint.

71. Defendants knew of the facts that they allege are fraudulent or deceitful prior to 2010, when they instituted the 2010 Adversary Proceeding in the Heyls' bankruptcy case.

72. Over eight years elapsed between the institution of the 2010 Adversary Proceeding and the filing of the North Carolina Complaint.

73. Every common law claim for fraud, deceit, or manipulation in connection with the sale of securities against the Palczuks is barred by § 1-52 or § 78A-56.

74. Every claim for securities fraud and/or violation of Chapter 78A is barred by § 78A-56.

75. Defendants have no enforceable claims against the Palczuks.

76. Because every claim which could meet the § 523(a)(19)(A) requirements is time barred, no judgment or order can issue from which a debt to Defendants would result.

77. There are no debts from the Palczuks to Defendants which are nondischargeable pursuant to § 523(a)(19). *See, e.g., Jennings v. Bodrick (In re Bodrick)*, adv. pro. no. 14-2333, 2017 WL 4877266, at *5 (Bankr. S.D. Ohio September 18, 2017) (finding that a claim for a debt is not enforceable where the statute of limitations has expired prior to initiation of an action to collect the debt, and any cause of action to determine nondischargeability of the unenforceable claim is moot).

### Second Claim for Relief
**Sanctions for Violation of the Discharge Injunction Against Steven Conway, Lori Conway, and Lorcon, LLC #4**

78. Defendants knew that the Palczuks had filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of North Carolina in 2011.

79. Defendants knew that the Palczuks had received a discharge in 2012.

80. Defendants intentionally filed the 2017 District Court Action against the Palczuks.

81. Defendants intentionally filed the North Carolina Complaint against the Palzuks in 2018.

82. Both lawsuits are actions which were commenced to collect a debt from the Palczuk's which arose before the confirmation of their Chapter 11 Plan.

83. Each and every claim for relief in both complaints is based upon events which occurred prior to confirmation of the Palczuks' Chapter 11 Plan.

84. Every claim for relief asserted by Defendants in both complaints arose before confirmation of the Palczuks' Chapter 11 Plan.

85. Each and every claim for relief in both complaints is barred by the release contained in the Palczuks' Chapter 11 Plan and the discharge entered by this Court on November 29, 2012.

86. The North Carolina Complaint includes causes of action which do not fall under § 523(a)(19) and cannot be nondischargeable under that section.

87. The North Carolina Complaint includes five (5) causes of action which cannot be nondischargeable under § 523(a)(19), because they (1) are not governed by United States or state law and/or (2) are not violations of securities laws or related to the sale of securities:

   a. Count I: Breach of Fiduciary Duty not based on securities law or related to the sale of securities

   b. Count II: Breach of Duty of Loyalty and Care under Virgin Islands law and not based on securities law or related to the sale of securities

   c. Count III: Constructive Fraud not based on securities law or related to the sale of securities

   d. Count IV: Fraudulent Concealment not based on securities law or related to the sale of securities

   e. Count VIII: Negligent Misrepresentation not based on securities law or related to the sale of securities

88. Each and every claim which could meet the definition of a nondischargeable debt under § 523(a)(19)(A) is time-barred and not enforceable.

89. Further, upon information and belief, Lorcon 1 is the only Defendant which had a membership interest in JFOV, LLC.

90. Lorcon, LLC #4 never purchased securities from the Palczuks.

91. Any membership interests in JFOV, LLC, which may have been purchased by Steven and Lori Conway were purchased on behalf of Lorcon, LLC #1.

92. Defendants Steven Conway and Lori Conway did not own membership interests in JFOV, LLC.

93. None of Steven Conway, Lori Conway, nor Lorcon, LLC #4 have cognizable claims against the Palczuks, as similarly pointed out to Defendant Steven Conway by both the Bankruptcy Appellate Panel for the Eighth Circuit and the United States Court of Appeals for the Eighth Circuit when those courts held he had no standing to appeal a bankruptcy court order in the Heyls' bankruptcy case. *See Conway v. Heyl* (*In re Heyl*), 502 B.R. 337 (8th Cir. BAP 2013); *Conway v. Heyl* (*In re Heyl*), 770 F.3d 729 (8th Cir. 2014); *Conway v. Heyl (In re Heyl)*, 590 B.R. 898 (8th Cir. BAP 2018).

94. Each and every claim made by Defendants Steven Conway, Lori Conway, and Lorcon, LLC #4 is frivolous.

95. Defendants willfully violated the discharge injunction when they filed the 2017 District Court Action and the North Carolina Complaint against the Palczuks.

96. As a direct result of Defendfants' willful violations of the discharge injunction, the Palczuks have incurred significant damages, including but not limited to attorneys' fees in defending the 2017 District Court Action, retaining counsel to defend the North Carolina Complaint, and re-opening this case to address the violation of the discharge injunction.

**WHEREFORE,** Plaintiffs request that this Court enter an Order:

1. Declaring that all debts to Defendants arising prior to confirmation of the Palczuks' Chapter 11 Plan were discharged;

2. Declaring that no debts claimed by Defendants in the pending North Carolina lawsuit are nondischargeable pursuant to 11 U.S.C. § 523(a)(19);

3. Sanctioning Defendants for willful violation of the discharge injunction in an amount not less than Palczuks' attorneys' fees in this action and defending the Missouri and North Carolina lawsuits;

4. Imposing punitive sanctions on Defendants for their willful and repeated violation of the discharge injunction; and,

5. Order such other and further relief as the Court deems just and proper.

This is the 4th day of April, 2019.

> JANVIER LAW FIRM, PLLC
>
> s/ Kathleen O'Malley
> Kathleen O'Malley
> N.C. State Bar No. 51654
> William P. Janvier
> N.C. State Bar No. 21136
> 311 E. Edenton Street
> Raleigh, North Carolina 27601
> Telephone: (919) 582-2323
> Facsimile: (866) 809-2379
> Email: kathleen@janvierlaw.com