IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-333-D

| | |
|---|---|
| STEVEN CONWAY, LORI CONWAY, LORCON, LLC #1, and LORCON LLC #4, ) ) ) | |
| Appellants, ) ) | |
| v. ) | **ORDER** |
| ) | |
| JOHN JEROME PALCZUK, and KAREN ELIZABETH PALCZUK, ) ) ) | |
| Appellees. ) | |

Steven Conway, Lori Conway, Lorcon, LLC #1, and Lorcon, LLC #4 ("Conway" or "appellants") appeal the bankruptcy court's summary judgment order [D.E. 1-1], the bankruptcy court's order finding Conway in contempt and awarding $121,867.67 in sanctions to John Jerome Palczuk and Karen Elizabeth Palczuk ("Palczuk" or "appellees") for Conway's violation of the bankruptcy court's discharge injunction under 11 U.S.C. § 524(a)(2) [D.E. 1-2], and the bankruptcy court's judgment of August 5, 2021 [D.E. 1-3]. See [D.E. 1]. As explained below, the court affirms the bankruptcy court's judgment that Conway violated the bankruptcy court's discharge injunction, but the court vacates and remands the contempt finding and award of sanctions for reconsideration under the correct legal standard.

I.

The bankruptcy court possessed authority to enter a final judgment, and this court has jurisdiction over this appeal. See 28 U.S.C. § 158(a); Executive Benefits Ins. Agency v. Arkison, 573 U.S. 25, 32–38 (2014); Stern v. Marshall, 564 U.S. 462, 482–503 (2011). Generally, this court reviews a bankruptcy court's legal determinations de novo and its factual findings for clear error.

See In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc., 453 F.3d 225, 231 (4th Cir. 2006); Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). As for the bankruptcy court's order regarding the parties' cross-motions for summary judgment, this court applies a de novo standard of review and considers "each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

Conway contends that Palczuk engaged in securities fraud and other tortious conduct in connection with a failed 2004 investment that Conway made with Palczuk. See [D.E. 1-1] 5–20. Conway, however, never obtained a qualifying judgment, order, consent order, decree, or settlement agreement that would permit Conway to make a successful nondischargeability argument under 11 U.S.C. § 523(a)(19). See id.[1] Moreover, on May 25, 2011, Palczuk filed a voluntary petition under Chapter 11 of the Bankruptcy Code. See id. at 5. Palczuk listed Conway as a codebtor on Schedule

---

[1] 11 U.S.C. § 523(a)(19) provides:

A discharge under . . . this title does not discharge an individual debtor from any debt . . . that—
  (A) is for—
    (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
    (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
  (B) results, before, on, or after the date on which the petition was filed, from—
    (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
    (ii) any settlement agreement entered into by the debtor; or
    (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor. . . .

11 U.S.C. § 523(a)(19).

2

H of the petition and included Conway on the creditor matrix, but Conway did not file a timely complaint or proof of claim. Id. Conway also did not object to the relevant disclosure statement or vote on Palczuk's Chapter 11 plan. Id. On January 5, 2012, the bankruptcy court confirmed Palczuk's plan, and the plan provided for a discharge pursuant to 11 U.S.C. § 1141(d)(5)(A) and included a waiver of the right to pursue litigation and causes of action against Palczuk. See id.[2] On November 29, 2012, after Palczuk completed the plan payments, the bankruptcy court entered a discharge order. Id. The discharge order included an injunction under 11 U.S.C. § 524(a)(2) barring creditors from attempting to collect any debt as a personal liability of the debtor. See Taggart v. Lorenzen, 139 S. Ct. 1795, 1799 (2019); 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."). On January 30, 2013, the bankruptcy court closed the case. [D.E. 1-1] 5.

After the discharge order, Conway remained upset with Palczuk and unsuccessfully pursued litigation against Palczuk in federal court in Missouri in 2017 and in North Carolina state court in 2018. See id. at 8–13.[3] On September 25, 2020, the bankruptcy court entered a detailed order

---

[2] 11 U.S.C. § 1141(d)(5)(A) provides: "In a case in which the debtor is an individual . . . unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan."

[3] Conway filed the North Carolina state court action in Guilford County Superior Court. On October 24, 2018, the action was transferred to the North Carolina Business Court. See Order, Conway v. Palczuk, No. 2018 CVS 8687 (N.C. Super. Ct. Oct. 25, 2018), ECF No. 169141. On November 26, 2018, the North Carolina Business Court stayed the action pending resolution of the bankruptcy proceedings. See Order on Mot. Stay, Conway, No. 2018 CVS 8687 (N.C. Super. Ct. Nov. 16, 2018), ECF No. 11. On October 15, 2020, Conway dismissed the action without prejudice in accordance with the bankruptcy court's September 25, 2020 order. See Notice of Dismissal

3

explaining why the claims that Conway asserted in the North Carolina state court action do not, and cannot, qualify as nondischargeable debt under 11 U.S.C. § 523(a)(19). See id. at 13–20. The bankruptcy court also found that Conway willfully violated the discharge order by engaging in litigation against Palczuk in the North Carolina state court action. See id. at 20–23. In later orders, the bankruptcy court awarded $121,867.67 in sanctions to Palczuk. See [D.E. 1-1] 25–34; [D.E. 1-2]; [D.E. 1-3].

"A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title." 11 U.S.C. § 1141(d)(2). The bankruptcy court held that the claims that Conway asserted in the North Carolina state court action do not, and cannot, qualify as nondischargeable debt under 11 U.S.C. § 523(a)(19). See [D.E. 1-2] 13–20. As the bankruptcy court explained, the threshold issue "is whether the claims asserted by [Conway] in the North Carolina lawsuit constitute nondischargeable debts that come within the scope of 11 U.S.C. § 523(a)(19)." [D.E. 1-1] 14. The bankruptcy court then recognized that Conway did not have a favorable judgment for a violation of federal or state securities law under section 523(a)(19)(A) and resulting from some judicial or administrative proceeding or settlement agreement under section 523(a)(19)(B) that created a nondischargeable debt against Palczuk. See id. at 15; Tradex Glob. Master Fund SPC Ltd v. Chui, 702 F. App'x 632, 633 (9th Cir. 2017) (unpublished); In re Lunsford, 848 F.3d 963, 966–67 (11th Cir. 2017); Tripodi v. Welch, 810 F.3d 761, 766–67 (10th Cir. 2016); In re Heyl, 590 B.R. 898, 902–04 (B.A.P. 8th Cir. 2018); In re Minardi, 536 B.R. 171, 191–93 (Bankr. E.D. Tex. 2015); In re Friedman, 531 B.R. 741, 746–47 (Bankr. N.D. Ill. 2015); In re Quibell, No. 1:10-bk-05863MDF, 2012 WL 1144422, at *5–6 (Bankr.

---

Without Prejudice, Conway, No. 2018 CVS 8687 (N.C. Super. Ct. Oct. 15, 2020), ECF No. 20.

4

M.D. Pa. Apr, 4, 2012) (unpublished); In re Pujdak, 462 B.R. 560, 572–81 (Bankr. D.S.C. 2011); In re August, 448 B.R. 331, 346–47 (Bankr. E.D. Pa. 2011).

Conway conceded to the bankruptcy court and concedes on appeal that he lacks such a judgment under 11 U.S.C. § 523(a)(19). Nonetheless, Conway argues that he can pursue such a judgment in North Carolina state court notwithstanding the bankruptcy court's discharge injunction under 11 U.S.C. § 524(a)(2). See [D.E. 1-1] 19; [D.E. 23] 14–15, 19–25; [D.E. 27] 9–12.

The bankruptcy court rejected Conway's argument, and this court does too. Under Chapter 11, a debtor receives his discharge under 11 U.S.C. § 1141. Section 1141 allows a court to grant a discharge to an individual debtor before or after the debtor completes all payments under a confirmed plan. See 11 U.S.C. § 1141(d)(5). The discharge "does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title." Id. § 1141(d)(2). The discharge, however, "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." Id. § 524(a)(2); Taggart, 139 S. Ct. at 1799.

"[A] central purpose of the [Bankruptcy] Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." Grogan v. Garner, 498 U.S. 279, 286 (1991) (quotation omitted). Consistent with the "fresh start" policy animating the Bankruptcy Code, courts construe exceptions to discharge narrowly. See Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998); Grogan, 498 U.S. at 286–87; In re Roundtree, 478 F.3d 215, 219 (4th Cir. 2007); In re Thoennes, 536 B.R. 680, 694 (Bankr. D.S.C. 2015). Conway has not cited and this court has not located a case where a federal court has permitted a private party to pursue a qualifying judgment under 11 U.S.C. §

5

523(a)(19) after a bankruptcy court entered a discharge injunction under 11 U.S.C. § 524(a)(2) without obtaining prior approval from the bankruptcy court. Cf. In re Eastburg, 447 B.R. 624, 630–33 & n.38 (B.A.P. 10th Cir. 2011); In re Robben, 562 B.R. 469, 475–79 (Bankr. D. Kan. 2017). Moreover, in this case, the bankruptcy court noted "the legal elephant in the room, which is that the most obvious reason [Conway does] not have [a qualifying] judgment [under 11 U.S.C. § 523(a)(19)] is that [Conway] did not bring a timely action to obtain one." [D.E. 1-1] 19–20. In support, the bankruptcy court noted Conway's utter failure to assert his interests in Palczuk's bankruptcy case or otherwise obtain a judgment or participate in Palczuk's bankruptcy case before the bankruptcy court entered its discharge order on November 29, 2012. See id. at 20.

Under 11 U.S.C. § 523(a)(19)(B), "before, on, or after the date on which the petition was filed," a creditor can obtain a qualifying judgment, order, consent order, or decree or a qualifying settlement agreement. 11 U.S.C. § 523(a)(19)(B); see In re Pentecost, 631 B.R. 481, 487–88 (Bankr. N.D. Okla. 2021). But if a court or administrative agency does not enter a qualifying judgment, order, consent order, or decree, or a debtor does not enter a qualifying settlement agreement under 11 U.S.C. § 523(a)(19)(B) and a court enters a discharge injunction under section 524(a)(2), then the discharge injunction bars a putative private creditor from pursuing litigation to obtain such a qualifying judgment. See 11 U.S.C. § 524(a)(2); Taggart, 139 S. Ct. at 1799.

In opposition, Conway argues that the phrase "before, on, or after the date on which the petition was filed" in 11 U.S.C. § 523(a)(19)(B) means that a putative private creditor can pursue a qualifying judgment after a bankruptcy court enters its discharge injunction under section 524(a)(2). Cf. In re Holzhueter, 571 B.R. 812, 822 (Bankr. W.D. Wis. 2017) ("The plain language [of section 523(a)(19)(B)] merely eliminates the temporal constraint that the judgment existed before the bankruptcy was filed."); In re Chan, 355 B.R. 494, 504 (Bankr. E.D. Pa. 2006) ("[T]he phrase

6

[in section 523(a)(19)(B)] was intended to make it clear that a debt arising under the federal securities laws or as a result of fraud in connection with the sale of a security may be determined nondischargeable under § 523(a)(19) even if the liability was not fixed prior to the commencement of the bankruptcy case."). However, to adopt Conway's reading of 11 U.S.C. § 523(a)(19)(B) would ignore 11 U.S.C. § 542(a)(2), § 1141(d)(2), and § 1141(d)(5)(A) and ignore the requirement to give effect to the language in each section. See Ysleta Del Sur Pueblo v. Texas, 142 S. Ct. 1929, 1939 (2022) (relying on the "longstanding canon[] of construction . . . that we must normally seek to construe Congress's work so that effect is given to all provisions, so that no part will be inoperative or superfluous, void or insignificant" (quotation omitted)); City of Chicago v. Fulton, 141 S. Ct. 585, 591 (2021) (applying the rule against surplusage to the Bankruptcy Code and noting the canon "is strongest when an interpretation would render superfluous another part of the same statutory scheme" (quotation omitted)); Lamar, Archer & Cofrin, LLP v. Appling, 138 S. Ct. 1752, 1761 (2018) (applying the rule against surplusage to the Bankruptcy Code); Yates v. United States, 574 U.S. 528, 543 (2015) (plurality opinion); Corley v. United States, 556 U.S. 303, 314 (2009); Hibbs v. Winn, 542 U.S. 88, 101 (2004) ("The rule against superfluities complements the principle that courts are to interpret the words of a statute in context.").

This court's conclusion about the effect of a discharge injunction under section 524(a)(2) does not mean that a private putative creditor who believes that he is the victim of securities fraud cannot seek relief consistent with the Bankruptcy Code. For example, some bankruptcy courts have exempted a person from the automatic stay to permit the person postpetition to pursue a qualifying judgment under 11 U.S.C. § 523(a)(19) and delayed finalizing the bankruptcy action to permit such litigation. See, e.g., In re Jeppesen, No. 05-34247GEC, 2007 WL 2932771, at *2–3 (Bankr. D. Utah June 27, 2007) (unpublished); In re Zimmerman, 341 B.R. 77, 79–82 (Bankr. N.D. Ga. 2006); contra

In re Chan, 355 B.R. at 496–505. Similarly, some bankruptcy courts have concluded that the bankruptcy court itself can reach the merits of an alleged securities violation postpetition. See, e.g., In re Holzhueter, 571 B.R. at 821–24 (collecting cases and recognizing a split of authority construing 11 U.S.C. § 523(a)(19)(B)). Likewise, one bankruptcy court recognized that the automatic stay in 11 U.S.C. § 562(a) does not prevent a governmental unit from using 11 U.S.C. § 362(b) to commence or continue an action to enforce the governmental unit's police power and thereby potentially obtain a postpetition qualifying judgment under 11 U.S.C. § 523(a)(19). See, e.g., In re Friedman, 531 B.R. at 745–47. In another case, before entering a discharge order, one bankruptcy court granted a putative creditor relief from the automatic stay to permit a FINRA arbitration to take place after the discharge order and reserved the right to confirm any arbitration award and to determine whether any debt arising from such an arbitration award was nondischargeable under 11 U.S.C. § 523(a)(19). See In re Fusco, 632 B.R. 92, 97–98 (Bankr. E.D.N.Y. 2021). Finally, one bankruptcy court modified a discharge injunction after parties moved for a modification to allow them to finish litigating pending claims in federal district court. See In re Robben, 562 B.R. at 475 ("Even though the Bankruptcy Code does not expressly provide for relief from the discharge injunction, a majority of courts have concluded that the discharge injunction may be modified and that modification is one method for the bankruptcy court to exercise its role of 'traffic cop' with respect to creditors' actions against discharged debtors."); cf. In re Eastburg, 447 B.R. at 630–33 & n.38.

    This court does not opine on the propriety of any of these approaches. Instead, the court makes two observations. First, in all of these cases, the putative creditor gave notice to the bankruptcy court and worked within the structure of the Bankruptcy Code in order to seek to obtain a qualifying judgment under 11 U.S.C. § 523(a)(19). Second, in none of these cases and in no case

8

that the parties have cited or this court has located did a bankruptcy court conclude that a private putative creditor could pursue a qualifying judgment under 11 U.S.C. § 523(a)(19) in the face of a discharge injunction under 11 U.S.C. § 524(a)(2).

That no bankruptcy court permitted a private putative creditor to defy a discharge injunction under 11 U.S.C. § 524(a)(2) is no surprise. "[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947). This principle applies even if the person subject to the injunction challenges "the constitutionality of the Act under which the order is issued." Id. "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished." Id. at 294 (quotation omitted). "Remedies for judicial error may be cumbersome but the injury flowing from an error generally is not irreparable, and orderly processes are imperative to the operation of the adversary system of justice." Maness v. Meyers, 419 U.S. 449, 460 (1975); see Pasadena City Bd. of Educ. v. Spangler, 427 U.S. 424, 439 (1976) ("[T]his Court has held that even though the constitutionality of the Act under which the injunction issued is challenged, disobedience of such an outstanding order of a federal court subjects the violator to contempt even though his constitutional claim might be later upheld."); Walker v. City of Birmingham, 388 U.S. 307, 314–21 (1967) (same); Howat v. Kansas, 258 U.S. 181, 190 (1922) (same).

As for the bankruptcy's court summary judgment order finding a willful violation of the discharge injunction, the bankruptcy court's contempt finding, and the bankruptcy court's ensuing award of $121,867.67 in sanctions, the bankruptcy court did not have the benefit of Beckhart v.

9

NewRez, LLC, 31 F.4th 274 (4th Cir. 2022). Moreover, although the bankruptcy court mentioned Taggart v. Lorenzen, 139 S. Ct. 1795 (2019), in its order finding a willful violation of the discharge injunction, the bankruptcy court did not expressly find that "there is no fair ground of doubt as to whether the [discharge] order barred [Conway's] conduct" in pursuing the North Carolina state court action. Taggart, 139 S. Ct. at 1799 (emphasis omitted); cf. [D.E. 1-1] 23 ("In this matter, it is abundantly clear that [Conway] initiated and engaged in litigation against [Palczuk] in violation of the discharge injunction . . . ."). Accordingly, as in Beckhart, the court vacates the bankruptcy court's judgment finding a willful violation of the discharge injunction and awarding sanctions. As in Beckhart, the court remands the action to the bankruptcy court to reconsider the contempt finding and award of sanctions "under the correct legal standard, including any additional factfinding that may be necessary." Beckhart, 31 F.4th at 278.

II.

In sum, the court AFFIRMS the bankruptcy court's finding that appellants violated the discharge injunction but VACATES and REMANDS the action to the bankruptcy court to reconsider the contempt finding and award of sanctions under the correct legal standard.

SO ORDERED. This 14 day of July, 2022.

JAMES C. DEVER III
United States District Judge