IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-501-D

| | |
|---|---|
| STEVEN CONWAY, et al., | ) |
| Appellants, | ) ) ) |
| v. | ) **ORDER** |
| JOHN JEROME PALCZUK and KAREN ELIZABETH PALCZUK, | ) ) ) ) |
| Appellees. | ) ) |

On September 11, 2023, Steven Conway, Lori Conway ("the Conways"), Lorcon, LLC #1, and Lorcon, LLC #4 ("the Lorcon entities") (collectively "appellants") filed a pro se notice of appeal from the United States Bankruptcy Court for the Eastern District of North Carolina ("the bankruptcy court") [D.E. 1]. On September 21, 2023, appellants' new counsel filed a notice of appearance [D.E. 7]. On October 10, 2023, John Jerome Palczuk and Karen Elizabeth Palczuk ("the Palczuks" or "appellees") moved to dismiss the appeal [D.E. 14] and filed a memorandum in support [D.E. 15]. On October 16, 2023, appellants, through counsel, filed an amended notice of appeal [D.E. 16]. On October 17, 2023, appellants responded in opposition to the Palczuks' motion to dismiss [D.E. 17]. On December 6, 2023, the court granted in part and denied in part the Palczuks' motion to dismiss and dismissed the Lorcon entities from the appeal [D.E. 18].

On February 26, 2024, the Conways filed their opening brief [D.E. 50]. On March 27, 2024, the Palczuks filed their response brief [D.E. 52]. On June 6, 2024, the Conways filed their reply brief [D.E. 60]. As explained below, the court affirms the bankruptcy court's judgment.

I.

On May 25, 2011, the Palczuks filed for Chapter 11 bankruptcy. See [D.E. 16] 5. On January 5, 2012, the bankruptcy court confirmed the Palczuks' Chapter 11 Plan ("the Plan"), which

provided for a discharge under 11 U.S.C. § 1141(d)(5)(A) and included a waiver and release of the right to pursue litigation and causes of action against the Palczuks. See id. On November 29, 2012, the Palczuks completed payments under the Plan and received a discharge. See id.; 11 U.S.C. § 1141(d)(5)(A). On January 30, 2013, the bankruptcy court closed the Palczuks' case. See [D.E. 16] 5. Appellants did not file a proof of claim, object to the Palczuks' discharge or Plan, or otherwise participate in the Palczuks' bankruptcy case. See id. at 39–40.

In 2017, appellants filed a complaint with the North Carolina Secretary of State concerning their investment in a failed business venture that the Palczuks operated. See id. at 40. The investment and venture both preceded the Palczuks' bankruptcy case. See id. at 7, 39–40. In 2017, the Palczuks each entered Alford pleas to one charge of selling unregistered securities. See id. at 40.[1] On October 24, 2018, appellants filed a lawsuit against the Palczuks in Guilford County Superior Court asserting nine causes of action concerning the failed business venture, including that the Palczuks' alleged debts were nondischargeable under 11 U.S.C. § 523(a)(19). See id.

On February 5, 2019, on the Palczuks' motion, the bankruptcy court reopened the Palczuks' bankruptcy case. See id. On April 4, 2019, the Palczuks filed a complaint against appellants in the bankruptcy court requesting a determination that no debts allegedly owed to appellants were nondischargeable under 11 U.S.C. § 523(a)(19) and sanctions for willfully violating the discharge injunction. See id.; [D.E. 11-1] 7.[2] On September 25, 2020, the bankruptcy court granted summary judgment to the Palczuks but did not determine damages. See [D.E. 11-6] 9–28. On October 3, 2020, appellants appealed. See id. at 30. On January 22, 2021, this court

---

[1] See North Carolina v. Alford, 400 U.S. 25, 37 (1970).

[2] Until otherwise noted, this citation and all subsequent citations are to the docket in case number 5:21-CV-333.

dismissed appellants' interlocutory appeal for lack of subject-matter jurisdiction. See Conway v. Palczuk, No. 5:20-CV-538, 2021 WL 232123 (E.D.N.C. Jan. 22, 2021) (unpublished).

On August 5, 2021, the bankruptcy court entered summary judgment in favor of the Palczuks and ordered the appellants to pay $121,867.67 in civil contempt sanctions for violating the Palczuks' discharge injunction. See [D.E. 11-6] 122–31. On August 17, 2021, appellants appealed. See [D.E. 1]. On July 15, 2022, this court affirmed the bankruptcy court's finding that appellants violated the discharge injunction but vacated and remanded the action to reconsider the contempt finding and award of sanctions. See Conway v. Palczuk, 615 F. Supp. 3d 387, 394 (E.D.N.C. 2022).

On March 7 and April 4, 2023, the bankruptcy court conducted a trial to reconsider the Palczuks' request for sanctions. See [D.E. 16] 37.[3] On June 29, 2023, the bankruptcy court entered judgment in favor of the appellants, finding them not liable for civil contempt damages. See id. at 36–45. On July 5, 2023, appellants' counsel moved to withdraw. See [D.E. 15] 3. On July 18, 2023, the bankruptcy court granted the motion. See id. at 4.

On July 10, 2023, appellants filed a pro se motion to extend all deadlines in the bankruptcy court. See id. at 3–4. On July 31, 2023, the bankruptcy court denied appellants' pro se motion as to the Lorcon entities. See id. at 4. On August 7, 2023, after a hearing, the bankruptcy court denied appellants' pro se motion as to the Conways. See id.

On July 11, 2023, the appellants, proceeding pro se, also asked this court to extend all deadlines in closed case number 5:21-CV-333. See [D.E. 31].[4] On August 17, 2023, this court dismissed appellants' pro se motion and construed it as a notice of appeal. See [D.E. 32]. On

---

[3] This citation and all subsequent citations in this paragraph and the next are to the docket in case number 5:23-CV-501.

[4] This citation and all subsequent citations in this paragraph are to the docket in case number 5:21-CV-333.

3

August 28, 2023, appellants moved in the closed case to extend the time to file their designation of the record on appeal. See [D.E. 33]. On August 29, 2023, the court directed the Clerk of Court to transmit appellants' notice of appeal to the bankruptcy court and denied as moot appellants' motion for extension of time. See [D.E. 34]. On September 8, 2023, appellants moved for an extension of time to file their appeal and designation of the record. See [D.E. 35]. On September 29, 2023, the court denied the motion. See [D.E. 37]. On September 11, 2023, appellants' pro se notice of appeal was filed in case number 5:23-CV-501. See [D.E. 1].[5]

II.

The bankruptcy court possessed authority to enter a final judgment, and this court has jurisdiction over this appeal. See 28 U.S.C. § 158(a); Exec. Benefits Ins. Agency v. Arkison, 573 U.S. 25, 32–38 (2014); Stern v. Marshall, 564 U.S. 462, 482–503 (2011). Generally, this court reviews a bankruptcy court's legal determinations de novo and its factual findings for clear error. See In re White, 487 F.3d 199, 204 (4th Cir. 2007); In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc., 453 F.3d 225, 231 (4th Cir. 2006); Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). As for the bankruptcy court's order regarding the parties' cross-motions for summary judgment, this court applies a de novo standard of review and considers "each motion separately, employing the familiar standard under Rule 56 of the Federal Rules of Civil Procedure." Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 354 (4th Cir. 2011).

The Conways appeal the bankruptcy court's judgment that the Conways violated the Palczuks' discharge injunction. See [D.E. 16]; [D.E. 50] 7. The Palczuks argue that this court should affirm because the law of the case doctrine controls. See [D.E 52] 23–26. The Conways

---

[5] This citation and all subsequent citations are to the docket in case number 5:23-CV-501, unless individually noted.

4

respond that this court should revisit its July 15, 2022 judgment because it is clearly erroneous. See [D.E. 60] 5–10.

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." TFWS, Inc. v. Franchot, 572 F.3d 186, 191 (4th Cir. 2009) (quotation omitted); see United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999). Courts "could not perform their duties satisfactorily and efficiently if a question once considered and decided were to be litigated anew in the same case upon any and every subsequent appeal." Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988) (cleaned up); see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988); In re Schweiger, 587 B.R. 469, 474 (Bankr. D. Md. 2018). "In short, previous legal rulings apply in subsequent proceedings." Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Servs. U.S., LLC, 469 F. Supp. 3d 505, 524 (E.D. Va. 2020).

The Conways argue that their claims against the Palczuks were not discharged under 11 U.S.C. § 523(a)(19). See [D.E. 50] 14–17. Thus, according to the Conways, they did not violate the Palczuks' discharge injunction by filing their action in Guilford County Superior Court. See [D.E. 50] 17–21; [D.E. 60] 5–10.

In this court's July 15, 2022 order, the court rejected the same arguments and affirmed the bankruptcy court's judgment that the Conways violated the Palczuks' discharge injunction. See Conway, 615 F. Supp. 3d at 391–93. The court held that "if a court or administrative agency does not enter a qualifying judgment, order, consent order, or decree, or a debtor does not enter a qualifying settlement agreement under 11 U.S.C. § 523(a)(19)(B) and a court enters a discharge injunction under section 524(a)(2), then the discharge injunction bars a putative private creditor from pursuing litigation to obtain such a qualifying judgment." Id. at 391 (citations omitted). Moreover, the court held that "to adopt [the Conways'] reading of 11 U.S.C. § 523(a)(19)(B) would ignore" 11 U.S.C. §§ 524(a)(2), 1141(d)(2), and 1141(d)(5)(A) and "ignore the requirement

5

to give effect to the language in each section." Id. at 392. Accordingly, the law of the case forecloses the Conways' appeal. See id. at 391–93.

In opposition to this conclusion, the Conways argue that the law of the case doctrine does not apply because this court's July 15, 2022 order is clearly erroneous. See [D.E. 50] 17; [D.E. 60] 5–8. A court may decline to follow the law of the case where: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." TFWS, Inc., 572 F.3d at 191 (quotation omitted); see Aramony, 166 F.3d at 661. A decision is "clearly erroneous" if it leaves the reviewing court "with the definite and firm conviction that a mistake has been committed." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 350 (4th Cir. 2009) (quotation omitted); see United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

The Bankruptcy Code recognizes a difference between a claim for securities violations, which may result in a debt that a defendant owes to a plaintiff, versus a claim under section 523(a)(19), which may establish the nondischargeability of any such debt. See 11 U.S.C. § 523(a)(19); see, e.g., In re Bingham, 163 B.R. 769, 770–72 (Bankr. N.D. Tex. 1994) ("Simply obtaining a judgment . . . that the debt is . . . owed by the debtor is not the equivalent of determining that the debt is not dischargeable."); see also 11 U.S.C. § 101(5), (12) (defining "claim" and "debt"). Most of the Conways' cited cases consider when and where a plaintiff may assert a section 523(a)(19) claim. See, e.g., In re Walker, 427 B.R. 471, 478 n.16 (B.A.P. 8th Cir. 2010); In re Jenkins, 330 B.R. 625, 630–31 (Bankr. E.D. Tenn. 2005); In re Walker, 195 B.R. 187, 195 (Bankr. D.N.H. 1996); Bingham, 163 B.R. at 770–72. The Conways, however, violated the Palczuks' discharge injunction by asserting securities-violations claims post-discharge, not a section 523(a)(19) claim. See Conway, 615 F. Supp. 3d at 390–94. Thus, these cases do not help the Conways or render clearly erroneous this court's July 15, 2022 decision. See id.

6

The Conways also cite In re Pentecost, 631 B.R. 481 (Bankr. N.D. Okla. 2021). See [D.E. 50] 18–19. In Pentecost, the bankruptcy court retained jurisdiction over plaintiff's claim for violations of Oklahoma's securities laws and liquidated the claim post-discharge. See Pentecost, 631 B.R. at 487–91. In other words, "the putative creditor gave notice to the bankruptcy court and worked within the structure of the Bankruptcy Code in order to seek to obtain a qualifying judgment under 11 U.S.C. § 523(a)(19)." Conway, 615 F. Supp. 3d at 393. The bankruptcy court "concluded that the bankruptcy court itself [could] reach the merits of an alleged securities violation postpetition." Id. at 392. In this court's July 15, 2022 decision, the court considered such cases in rejecting the Conways' arguments. See id. at 392–93. Accordingly, Pentecost comports with this court's July 15, 2022 decision.

The Conways also cite In re Searle, Adv. No. 11-14419, 2012 WL 2899952 (Bankr. N.D. Cal. July 16, 2012) (unpublished). See [D.E. 60] 5–6. In Searle, the plaintiff sued the debtors-defendants in Washington state court for alleged violations of Washington securities laws before the debtors-defendants filed for bankruptcy. See Searle, 2012 WL 2899952, at *1. After the debtors-defendants filed for bankruptcy, but before the bankruptcy court entered a discharge injunction, the plaintiff filed an adversary proceeding seeking to establish that her claims were nondischargeable. See id.; see also In re Searle, No. 1:11-BK-14419, [D.E. 19, 21] (Bankr. N.D. Cal.). After the bankruptcy court entered a discharge injunction, the bankruptcy court "abstain[ed] from determining if the [debtors-defendants] have violated any securities laws" and "allowed" the plaintiff "to proceed with the pending litigation in Washington state court." Searle, 2012 WL 2899952, at *1. Thus, as in Pentecost, the plaintiff in Searle "gave notice to the bankruptcy court and worked within the structure of the Bankruptcy Code in order to seek to obtain a qualifying judgment under 11 U.S.C. § 523(a)(19)." Conway, 615 F. Supp. 3d at 393. Accordingly, Searle comports with this court's July 15, 2022 decision.

7

The Conways also cite In re Munoz, 287 B.R. 546, 555–56 (B.A.P. 9th Cir. 2002). See [D.E. 50] 17. In Munoz, the bankruptcy court cited its discharge injunction and "blocked a post-discharge workers' compensation action that was being pursued by appellants for the limited purpose of obtaining a California Workers' Compensation Appeals Board ('WCAB') award against the debtor that is required for payment from the state's Uninsured Employers Fund ('UEF')." Munoz, 287 B.R. at 549. The appellants initiated the WCAB action to establish their debtor-employer's liability in order to have the UEF pay the WCAB judgment. See id. at 549, 555. The bankruptcy appellate panel held that the discharge injunction did not bar the WCAB action because the WCAB action was "not an action directed at the 'personal liability of the debtor,'" i.e., the debtor-employer. Id. at 555 (quoting 11 U.S.C. § 524(a)(2)). The bankruptcy appellate panel also held that even if "the UEF reimbursement obligation would be a nondischargeable excise tax" on the debtor-employer, the discharge injunction would not apply to the WCAB action. Id. at 555. In analyzing these odd facts, the bankruptcy appellate panel stated that "the § 524(a)(2) discharge injunction does not protect a debtor from an action to determine the debtor's liability on a nondischargeable debt." Id. at 556.

Munoz is factually distinguishable from this case because the Conways seek the personal liability of the Palczuks. Alternatively, even if dicta in Munoz conflicts with this court's decision, the Conways do not leave the court "with the definite and firm conviction" that the court committed a mistake in its July 15, 2022 order. Vuyyuru, 555 F.3d at 350. Accordingly, the law of the case controls. See, e.g., Mar-Bow Value Partners, LLC, 469 F. Supp. 3d at 524–28; McNeil v. Markuski, Civ. Nos. 13-2569, 13-2788, 2014 WL 3817227, at *3–4 (D. Md. July 31, 2014) (unpublished). Thus, the court affirms the bankruptcy court's judgment. See Conway, 615 F. Supp. 3d 391–94.

III.

In sum, the court AFFIRMS the bankruptcy court's judgment. The clerk SHALL close the case.

SO ORDERED. This 24 day of July, 2024.

                                                                   JAMES C. DEVER III
                                                                   United States District Judge